14-636-cr
United States v. Solomon

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
   <u>Appellee</u>,

   -v.-              14-636-cr

OLEH SOLOMON,
   <u>Defendant-Appellant</u>.*

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:     TODD HENRY, The Henry Firm,
            Philadelphia, Pennsylvania.

---

 * The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLEE:**                           MICHAEL F. PERRY (Richard R. Southwick, <u>on the brief</u>), <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Oleh Solomon appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, <u>J.</u>), convicting him of conspiring to bring aliens into the United States and of transporting aliens in violation of the immigration laws. Solomon pleaded guilty conditionally, preserving his argument that he was stopped unlawfully and that the district court erred in denying his motion to suppress. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Because Solomon does not challenge any of the district court's factual findings (and indeed adopts those facts as his own), this appeal is limited to the district court's conclusions of law, which we review de novo on a motion to suppress. <u>United States v. Murphy</u>, 703 F.3d 182, 188 (2d Cir. 2012).

The Fourth Amendment principles governing automobile stops by Border Patrol agents operating in "inland roving patrols"--that is, "not at the border or its functional equivalent"--are well established. <u>United States v. Singh</u>, 415 F.3d 288, 294 (2d Cir. 2005). Officers may "briefly detain and question the vehicle's occupants regarding their citizenship, immigration status, and any suspicious circumstances" only if the reasonable suspicion standard of <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), is met. <u>Singh</u>, 415 F.3d at 294. Officers must be "aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country." <u>United States v. Brignoni-Ponce</u>, 422 U.S. 873, 884 (1975).

The following factors guide the reasonable suspicion analysis in this context: "(1) characteristics of the area where the vehicle is found; (2) its proximity to the border; (3) usual traffic patterns on that road; (4) previous experience with alien traffic in the area; (5) recent information about specific illegal border crossings there; (6) the driver's behavior, such as attempting to evade officers; (7) characteristics of the vehicle itself; and (8) the appearance of persons in the vehicle, such as mode of dress." Singh, 415 F.3d at 294. These factors are not exhaustive, and the analysis must always consider the totality of the circumstances. Id. at 294-95.

The following undisputed facts support the district court's conclusion that officers had reasonable suspicion to stop Solomon's automobile:

(a) a reliable informant tipped Border Patrol officers that four Polish aliens were attempting to illegally enter the United States through Canada;

(b) two days later, officers observed a Mitsubishi sedan carrying two individuals (including Solomon) in a Wal-Mart parking lot near the U.S.-Canadian border;

(c) the officers knew from experience that the parking lot was a "hub of drug and human trafficking";

(d) the Mitsubishi drove in circles in the parking lot for fifty-five minutes, during which time no one got in or out;

(e) a Cadillac SUV then drove into the parking lot and dropped off four individuals who immediately got into the smallish Mitsubishi;

(f) the Mitsubishi then drove off, with all four newly-arrived individuals crammed in the back seat.

Under these circumstances, a reasonable officer would clearly have been warranted in suspecting that illegal alien trafficking was afoot.

3

For the foregoing reasons, and finding no merit in Solomon's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK